**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| TANER TARHAN,<br><br>                              Petitioner,<br><br>    v.<br><br>DEPARTMENT OF HOMELAND<br>SECURITY, *et al*.,<br><br>                              Respondents. | Case No. C11-1185-RSM-JPD<br><br>REPORT AND<br>RECOMMENDATION |

## I. INTRODUCTION AND SUMMARY CONCLUSION

Petitioner is a citizen of Turkey who is being detained by the United States Immigration and Customs Enforcement ("ICE") pursuant to an administratively final order of removal. (Dkt. No. 1 at 2.) On July 15, 2011, petitioner, proceeding through counsel, filed the instant Petition for Writ of Habeas Corpus and Complaint for Injunctive Relief from Immigration Detention, pursuant to 28 U.S.C. § 2241, along with an Emergency Request for Stay of Removal. (Dkt. No. 1.) Petitioner asserts that he has filed a motion to reopen his removal proceedings with the Board of Immigration Appeals ("BIA") which remains pending. *Id*. at 3. Petitioner avers that he "has sought a stay of removal and relief from detention from ICE and from the Board of Immigration Appeals ("BIA")" but "ICE has not responded, forcing [petitioner] to ask for protection from this

Court." *Id*. at 5. As relief, he requests that this Court "[s]tay his removal until his immigration appeal is fully heard," and "Order Petitioner's continued release from detention, and continued supervised release under bond." *Id*. at 12.

For the reasons set forth below, the Court recommends that this matter be dismissed for lack of jurisdiction.

## II. DISCUSSION

The REAL ID Act of 2005 amended the judicial review provisions of the Immigration and Nationality Act to explicitly provide that judicial review of all deportation, exclusion, or removal orders lies exclusively in the appropriate court of appeals, and that the district courts no longer have jurisdiction to review such orders. INA § 242(a)(5), 8 U.S.C. § 1252(a)(5). This statutory provision provides, in part, that the exclusive means of asserting a challenge to a final order of removal and matters dependent thereon, is to file a Petition for Review with the appropriate court of appeals. *See id.*; *see also Iasu v. Smith*, 511 F.3d 881, 888 (9th Cir. 2007)("After the REAL ID Act . . . the district court plainly lacked habeas jurisdiction"); *see also* 8 U.S.C. § 1252(g)("Except as provided in this section and notwithstanding any other provision of law, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."). Pursuant to the REAL ID Act, constitutional claims or questions of law, that were historically reviewed under habeas corpus, now require review in the circuit courts of appeal. *See* 8 U.S.C. § 1252(a)(2)(d); *Fernandez-Ruiz v. Gonzales*, 410 F.3d 585, 587 (9th Cir. 2005), *adopted by* 466 F.3d 1121, 1124 (9th Cir. 2006)(en banc).

INA § 242(b)(9) further provides that "[j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section." 8 U.S.C. § 1252(b)(9). The Court finds that it lacks jurisdiction over petitioner's request under the REAL ID Act because the request to halt the execution of the final orders of removal "arise[s] from" an "action" or a "proceeding" brought in connection with petitioners' removal, or from "the decision or action [to] execute removal orders against" them. INA §§ 242(b)(9), 242(g), 8 U.S.C. §§ 1252(b)(9), 1252(g).

"A request to stay an order of removal based on a pending collateral claim does not escape the jurisdiction stripping provisions of the REAL ID Act." *Mancho v. Chertoff*, 480 F. Supp. 2d 160, 162 (D.D.C. 2007)(citing *Formusoh v. Gonzales*, No. 3-07-CV-0128-K, 2007 WL 465305 (N.D. Tex. Feb. 12, 2007)(dismissing for lack of subject matter jurisdiction habeas petition of petitioner seeking stay of removal pending resolution of an I-130 petition and an I-485 adjustment of status petition); *Tale v. United States Dep't of Homeland Sec.*, 2006 U.S. Dist. LEXIS 47577, at *1 (S.D. Tex. July 13, 2006)(finding lack of jurisdiction to grant petitioner preliminary and permanent injunctions barring his deportation prior to the resolution of his claims pending before an immigration judge). Absent statutory or legal authority that creates an exception to the REAL ID Act, this Court lacks subject matter jurisdiction over petitioner's request for stay of removal during the pendency of his motion to reopen before the BIA. Under these circumstances, the BIA and the Ninth Circuit are the proper forums for such claims and, thus for any injunctive relief associated with such claims. *See* 8 C.F.R. §§ 241.6, 1003.6(b); *Nken v. Holder*, __ U.S. __, 129 S. Ct. 1749, 173 L. Ed. 2d 550 (2009).

REPORT AND RECOMMENDATION
- PAGE 3

## III. CONCLUSION

For the foregoing reasons, the Court recommends that this matter be dismissed with prejudice. A proposed order accompanies this Report and Recommendation.

DATED this 15th day of July, 2011.

*James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge