# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| TANER TARHAN, | CASE NO. C11-1185RSM |
| Plaintiff, | ORDER ADOPTING REPORT AND RECOMMENDATION |
| v. | |
| DEPARTMENT OF HOMELAND SECURITY, et al., | |
| Defendant. | |

This matter is before the Court for consideration of a Report and Recommendation filed by the Honorable James P. Donohue, United States magistrate Judge, together with the objections filed by petition. Dkt. ## 5, 6. The Court will approve and adopt the Report and Recommendation in its entirety, but writes to address several objections raised by petitioner.

Petitioner Taner Tarhan, a citizen of Turkey, is in detention pursuant to a final order of removal. He filed this petitioner for habeas corpus pursuant to 28 U.S.C. § 2241 to challenge his detention and request a stay of removal. In a thorough and well-reasoned Report and Recommendation, Magistrate Judge Donohue recommended that the Court dismiss the petition for lack of jurisdiction, citing to the jurisdiction-stripping provisions of the REAL ID Act of 2005, INA § 242(a)(5), 8 U.S.C. § 1252(a)(5). This section provides that the exclusive means of asserting a challenge to a final order of removal and matters dependent thereon is a Petition for

Review filed with the appropriate court of appeals. *Iasu v. Smith*, 511 F. 3d 881, 888 (9th Cir. 2007).

Petitioner argues in his objections that the Court has habeas jurisdiction to consider the matter because he is in custody. He contends, "Once a final order of removal is issued, a person is deemed to be "in custody" for purposes of habeas proceedings." Objections, Dkt. # 6, p. 2. However, each of the nine cases he cites for this proposition was decided before enactment of the REAL ID Act, so the argument based on these cases fails.

Petitioner also cites to, and quotes, the passionate criticism of the jurisdiction-stripping provision of the REAL ID act by the chief judge of the United States District Court for the District of Massachusetts. *Enwonwu v. Chertoff*, 376 F. Supp. 2d 42 (D.Mass. 2005). The Court notes that despite this criticism, the court found that it had lost jurisdiction due to passage of the REAL ID Act, and it transferred the petition to the First Circuit Court of Appeals for consideration. This case provides no precedent for this Court to observe in taking jurisdiction despite the REAL ID Act.

Accordingly, it is hereby ORDERED;

(1) The Court approves and adopts the Report and Recommendation;

(2) The petition and action are DISMISSED with prejudice**;**

(3) The Clerk shall send a copy of this Order to counsel for petitioner at to Judge Donohue.

Dated August 23, 2011.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE